# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This **SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS** (hereinafter referred to as the "Agreement") is made and entered into this ____ day of March, 2021, by and between BRADLEY CHAMBERS (referred to herein as "Chambers" and/or "Employee"), and FUNDIMENSION, LLC D/B/A FUNDIMENSION and JOYCE ALARCON-FROHMAN (referred to herein as "the Employer Defendants") (collectively referred to as the "Parties"), and each of their past, present, and future parents, subsidiaries, divisions, co-owned or wholly-owned corporations, partnerships, business associations, professional employer organizations and their past, present and future owners, shareholders, successors, affiliates, insurers, officers, directors, employees, attorneys, and representatives:

## RECITALS

**WHEREAS**, on or about August 25, 2020, Chambers filed his one-count lawsuit against the Employer Defendants alleging violations of the overtime provisions of the Federal Labor Standards Act ("FLSA") in the action styled *Bradley Chambers v. FUNDIMENSION, LLC D/B/A FUNDIMENSION, JOYCE ALARCON-FROHMAN*, in the United States District Court for the Southern District of Florida;

**WHEREAS,** the Parties desire now to settle completely and for all time the matters raised in the Charge, together with any and all other matters that might have been raised or that could have been raised in the Lawsuit and Charge; and

**WHEREAS**, the Parties understand and agree that neither the making of this Agreement nor anything contained herein, shall, in any way, be construed or considered to be an admission by either party of guilt, wrongdoing, or noncompliance with any federal, state or local statute, public policy, tort law, contract law, common law, or any other wrongdoing whatsoever. This Agreement is entered solely to buy peace and to resolve disputed claims and for no other reason; and

**WHEREAS**, the Parties do hereby acknowledge and agree that they are represented by counsel and have had the opportunity to review this Agreement with counsel if they so choose.

**NOW, THEREFORE**, in consideration of the mutual promises contained herein, and other good and valuable consideration as hereinafter recited, the adequacy of which is hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1. **Recitals.**

    The foregoing recitals are true and correct and are incorporated by reference.

2. **Denial of Liability.**

The Employer Defendants does not admit any wrongdoing, fault, or liability of any nature by entering into this Agreement and specifically denies any wrongdoing, fault or liability for the allegations contained in the Lawsuit and Charge.

3. **Attorney's Fees and Costs.**

The Parties shall pay their own attorneys' fees and costs associated with this matter except as provided for in this Agreement.

4. **Monetary Payment to Chambers.**

In exchange for dismissal of the Lawsuit with prejudice and Chambers' general release of all claims against the Employer Defendants, and conditioned upon the Employer Defendants receiving the signed and dated Agreement from Employee (an emailed copy is sufficient), the Employer Defendants agrees to make payments according to the following schedule:

| Payment | Delivery Date | Check Payable to "Bradley Chambers" | Check Payable to "Koz Law, P.A." |
|---|---|---|---|
| 1 | 30 days from Defendants' receipt of Chambers's executed Agreement or 20 days from Court approval of this Agreement, whichever is later. | $ 1,070.00 | $ 1,596.66 |
| 2 | 60 days from Defendants' receipt of Chambers's executed Agreement or 50 days from Court approval of this Agreement, whichever is later. | $ 1,070.01 | $ 1,596.66 |
| 3 | 90 days from Defendants' receipt of Chambers's executed Agreement or 70 days from Court approval of this Agreement, whichever is later. | $ 1,070.00 | $ 1,596.67 |
| | | $ 3,210.01 | $ 4,789.99 |

All payments shall be timely delivered to Koz Law, P.A., 320 SE 9th Street, Fort Lauderdale, FL 33316. The sum of the three payments and six checks will equal EIGHT THOUSAND, FIVE HUNDRED DOLLARS AND NO CENTS ($8,500.00), as full and final settlement and consideration for the Agreement. Chambers acknowledges he is not entitled to any other payments for unpaid wages of any kind.

The Parties agree to file a Joint Motion to Dismiss with Prejudice the federal case, case number 1:20-cv-23535-DPG, with each party to bear their own attorneys' costs and fees except as provided for in this agreement. The Joint Motion to Dismiss with Prejudice shall condition dismissal of on the Court retaining jurisdiction to enforce the terms of the parties' settlement.

The payment of the settlement funds will in no way be construed as an admission of any wrongdoing by the Employer Defendants, but solely to amicably resolve the claims brought in the Lawsuits and Charge.

5. **Tax Consequences**.

   Chambers agrees, understands and acknowledges that the Employer Defendants have made no representations to him concerning whether the sums paid pursuant to this Release are taxable. Any applicable local, state, and federal taxes (including, but not limited to, taxes based upon wages, social security or Medicare) owed by Employee, if any, that are to be disbursed under the terms of this Agreement as well as any costs, fines or penalties Employee incurs as a result of the failure to pay such taxes shall be the sole responsibility of the Employee. The Employee agrees to hold the Employer Defendants harmless from the non-payment of his portion of any federal, state or local tax obligation in connection with this payment to him and to indemnify the Released Parties for any taxes, costs, fines or penalties for Employee's portion that may be assessed as a result of the payments made to him or the Employee's failure to pay all applicable federal, state and local taxes as required on his part.

   Employer Defendants have not made any representation as to the tax consequences of this Release or the above-referenced payment. Employee understands and agrees that, in the event the Internal Revenue Service, or any other governmental entity, including but not limited to the State of Florida, or any other state or any court or other tribunal of competent jurisdiction, alleges that any or all of the payment constitutes income for which any taxes remain due and owing by Employee, Employee shall be responsible for the payment for his portion of all such taxes. In the event any federal, state or local taxing authority takes the position that taxes should have been withheld from the settlement payments, the Parties agree and acknowledge that each shall harmless the other from any such tax liability, including penalties, fines and the like, as a result of the sums paid pursuant to this agreement.

6. **Release of All Claims against the Employer Respondent/Released Parties**

   In exchange for Employer Defendants' payment and promises as set forth in this Agreement, Chambers, for himself, and his heirs, agents, successors and assigns, hereby releases and forever discharges Employer Defendants, and its professional employer organizations, and their past, present, and future owners, shareholders, subsidiaries, successors, parents, predecessors, administrators, affiliates, successors in interest, assigns, insurers, officers, directors, employees, agents, attorneys, representatives, and all other persons, firms, or corporations with whom any of the former have been, are now or may hereafter be affiliated ("Released Parties") from any and all causes of action, claims, demands, costs and expenses, or damages, whether known or unknown, which he now has, or which have been or could have been asserted or could be asserted by Employee or on Employee's

behalf arising out of any act, occurrence or transaction, including but not limited to, his employment or the separation thereof with Employer Defendants but EXCLUDING Chambers' workers compensation claims against Employer Defendants and/or their workers compensation carrier. This Agreement is not intended to address any portion of Chambers' worker's compensation claim(s) against Employer Defendants and/or their workers compensation carrier. This release includes, but is not limited to, any claims that Employee filed, could have filed, or intended to file, and any and all claims for declaratory or equitable relief, claims for contribution or indemnity, damages, reinstatement, and/or attorney's fees and expenses, known or unknown, vested or contingent, which Employee now has or ever had resulting from any alleged violation, asserted or unasserted, of any federal, state and/or local laws, rules or regulations, including, but not limited to claims under Sections 1981 through 1988 of Title 42 of the United States Code, the Florida Minimum Wage Act, the Florida Constitution, the National Labor Relations Act, 29 U.S.C. § 151 et seq., the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended, the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., the Occupational Safety and Health Act, 29 U.S.C. § 651 et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., Section 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, the Older Workers Benefit Protection Act ("OWBPA"), the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.*, the Florida Whistleblower Act, Florida Statute § 448.102, et seq., Florida Statute § 440.205, the State of Florida anti-discrimination and/or anti-retaliation laws, or any other federal, state, or local human rights, civil rights, wage-hour, pension or labor laws, rules and/or regulations, public policy, contract or tort laws, or any claim arising under the common law, including but not limited to, assault and emotional distress, or any claims under Employer Respondent's benefits plans, or any claim for costs, fees or other expenses, and including but not limited to, any and all attorney's fees, or any action relating to or arising out of his employment with Employer Respondent, or any action for or by reason of any cause whatsoever, based upon any set of facts known or unknown, occurring prior to and including the date of execution of this Agreement.

Employee agrees and understands that he may have claims against the Released Parties of which, at the time of the execution of this Agreement, he has no knowledge or suspicion, but agrees and represents that this Agreement extends to all claims against the Released Parties, whether or not known, claimed or suspected by Employee as of the date of this Agreement EXCLUDING Chambers' workers compensation claims against Employer Defendants and/or their workers compensation carrier. This Agreement is not intended to address any portion of Chambers' worker's compensation claim(s) against Employer Defendants and/or their workers compensation carrier.  It is also understood and agreed that the released claims include not only claims presently known to Employee but also include all unknown or unanticipated claims, rights, demands, actions, obligations,

liabilities, and causes of action of any and every kind, nature, and character whatsoever.

The Employer Defendants knowingly and voluntarily release and forever discharge, to the full extent permitted by law, Chambers from any and all claims, known and unknown, asserted or not asserted that the Employer Defendants have or may have arising out from Chambers' employment with the Employer Defendants or in any way connected with the Lawsuits and Charge. The Employer Defendants knowingly and voluntarily release and forever discharge any claim for costs, fees or other expense including attorney's fees, incurred by The Employer Defendants.

7. **FMLA Leave**.

Chambers affirms that he has been granted any leave to which he may have been entitled to under workers' compensation law, the Family and Medical Leave Act, and any and all federal, state and local leave or disability accommodation laws. Chambers also affirms that he is not aware of and has not been retaliated against for reporting any allegation of wrongdoing by Employer Defendants or any of the Released Parties, including any allegation of corporate impropriety or fraud.

8. **No Longer Employed/Employee**.

Employee hereby acknowledges, understands, and specifically agrees that he is no longer employed by Employer Defendants, and that he will not be considered for employment or re-employment by Employer Defendants or any of its successors or subsidiaries. The Employee hereby covenants that he shall not apply for, otherwise seek, or accept employment with Employer Defendants or any of their subsidiaries in any capacity, including but not limited to part-time, full-time, contractor status work, or temporary work.  The Employee agrees that his forbearance not to seek future employment as just stated is purely contractual and is in no way involuntary, discriminatory, or retaliatory.  The Employee further agrees that failure to reinstate or hire him in the future will not subject the Employer Defendants to liability of any kind.

9. **Non-Disparagement & Non-Solicitation**.

Chambers agrees that after the date of the execution of this Agreement, he will not, to the public or to any individual person or entity, make demeaning, disparaging, and/or derogatory remarks to third parties regarding the Employer Defendants or any related business entity, any of its officers or employees, or any of their actions or writings, specifically including but not limited to any of their policies, practices, procedures or advertisements, which are, have been or may be taken or produced by these entities. The Employer Defendants agree that after the date of the execution of this Agreement, the Employer Defendants Human Resources and Corporate Directors and Corporate Management, will not, to the public or to any

individual person or entity, make demeaning, disparaging, and/or derogatory remarks to third parties regarding Chambers or any related business entity, any of its officers or employees, or any of their actions or writings, specifically including but not limited to any of their policies, practices, procedures or advertisements, which are, have been or may be taken or produced by these entities

10. **Confidentiality Agreement.**

The parties agree that the terms and conditions of this Agreement shall remain confidential as between the parties and that they shall not disclose them to any other person, except to Employee's spouse, the parties' attorneys and their accountants/financial advisors for the purpose of appropriately accounting for the payments under this Release. Without limiting the generality of the foregoing, the Parties agree that they will not respond to or in any way participate in or contribute to any public discussion, notice or other publicity concerning, or in any way relating to, the execution or terms and conditions of this Release. Again, without limiting the generality of the foregoing, Employee specifically agrees that he shall not disclose information regarding this Agreement to any current or former employee of the Employer Defendants. The Parties hereby agree that disclosure by them in violation of the foregoing shall constitute and be treated as a material breach of this Agreement.

It is agreed and understood that any breach of this Agreement by Chambers would result in irreparable harm to Employer Defendants thereby entitling Employer Defendants to immediate injunctive relief. The prevailing party in any such action shall be entitled to attorney's fees and costs.

11. **Neutral Employment References.**

The Employer Defendants agree to respond to any inquiries regarding Chamberss prior employment with the dates of employment, rate of pay and position held, only. No comment shall be made expressly or impliedly regarding Chambers' eligibility for rehire.

12. **Covenant Not to Sue.**

To the fullest extent allowed by law, Chambers agrees and covenants not to sue or bring a claim of any kind against the Employer Defendants, or any of the Employer Defendants' employees (both former and current), or any other Released Party. Chambers agrees and acknowledges that this Release may be used as a defense or as a basis to bar and dismiss any later claims asserted by Chambers in violation of the terms of this Release. It is understood that in the event the Employee violates his covenant not to sue set forth herein by maintaining or instituting a suit or claim of any kind against the Employer Defendants or any Released Party released pursuant to this Release, Chambers shall pay all attorney's fees, court costs and

expenses of defending the suit or claim which may be incurred by the Employer Defendants or any Released Party, along with agreeing that any such filing or threatened claim would result in irreparable harm to the Employer Defendants as a breach of the confidentiality provision (Paragraph No. 10) entitling the Employer Defendants to immediate injunctive relief. This provision does not apply to any and all claims that may arise or exist after the effective date of this Agreement.

13. **Acknowledgments and Covenants.**

    The Employee hereby acknowledges and further expressly waives and assumes the risk of any and all claims for damages, costs, fees, attorneys' fees or expenses which exist as of this date, but which the Employee does not know of or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect his decision to enter into this Release. The Employee further agrees that he has accepted payment of the sums and the consideration specified herein as a complete compromise of matters involving disputed issues of law and fact, and fully assumes the risk that the facts or the law may be otherwise than he believes.

    The Employee represents and warrants that no other person or entity has or has had any interest in the claims, demands, obligations, or causes of action referred to in this Release; that he has the sole and exclusive right to receive the sums specified in it; and, that he has not sold, assigned, transferred, or conveyed any of the claims, demands, obligations, or causes of action referred to in this Release.

    The Employee agrees and acknowledges that he accepts payment of the sum specified in this Release as a full and complete compromise of matters involving disputed issues; that neither payment of the sum by Employer Defendants nor the negotiations for this settlement (including all statements or communications) by Employer Defendants, or its attorneys or representatives shall be considered admissions by Employer Defendants; and that no past or present wrongdoing on the part of Employer Defendants shall be implied by such payment or negotiations. The Employee further acknowledges and agrees that the settlement agreed to herein is not and shall not be construed to be an admission of any violation on the part of Employer Defendants of any constitution (federal or state) or any federal, state, or local statutes or ordinances, common law, or regulations, or of any contract or duty owed by Employer Defendants to Employee. Employer Defendants specifically disclaims and denies any such violations and any liability, which could or would be incurred as a result.

    Except as provided in this Agreement, the Employee agrees to expressly release, waive and forever discharge any and all claims for attorneys' fees and expenses pursuant to the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq*.; Florida Statute § 448.102, *et seq*., Title VII, 42 U.S.C. 2000(e), *et seq.*, Fla. Stat. § 440.205, and/or

pursuant to any statute, rule, or ordinance which may be deemed applicable to any claims Employee may have brought or brought against Employer Defendants.

14. **Agreement to Pay All Liens (Medicaid, Social Security, etc.)**.

    It is expressly understood and agreed that Chambers further covenants and agrees that any and all Medicare, Medicaid, Social Security, hospital, medical insurance coverage subrogation claims, arising out of this dispute, and/or any and all other type of liens or interest that is and/or could be claimed by any person and/or entity arising out of these Lawsuits or Charge, will be fully paid, satisfied and released from the settlement proceeds paid herein.

    Chambers agrees to indemnify and hold harmless the Employer Defendants, its insurance carriers, attorneys and all others in privity with them, from any claim by, through and/or under Chambers including, but not limited to, any direct claim by Medicare, Medicaid and/or Social Security for reimbursement of any funds paid by them relating to the claims arising from the Lawsuits or Charge.

15. **FLSA Acknowledgement**.

    Employee hereby acknowledges that he is not owed any other payment or wages which he may claim to have earned during his employment with Employer under the Fair Labor Standards Act of 1938 ("FLSA"), the Florida Constitution, the Florida Minimum Wage Act, Florida wage statutes and/or the Equal Pay Act. This Agreement excludes Chambers' workers compensation claims against Employer Defendants and/or their workers compensation carrier. This Agreement is not intended to address any portion of Chambers' worker's compensation claim(s) against Employer Defendants and/or their workers compensation carrier.

16. **Binding Agreement**.

    This Agreement shall be binding upon the parties, their heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of their successors and assigns.

17. **Attorney Consultation – Employee**.

    Employee is hereby advised and cautioned to consult with an attorney prior to executing this Agreement. Employee acknowledges that he received this written admonition to consult an attorney prior to executing the Agreement and that, prior to executing this Agreement, he was given sufficient opportunity to review this Agreement and consult with an attorney.

18. **No Modifications to Agreement**.

    This Agreement may not be modified, altered or changed except upon express written consent of all parties. This Agreement represents the complete

understanding between the parties. No other promises or agreement shall be binding or shall modify this Agreement unless signed by both parties hereto. This Agreement is made in the State of Florida and shall be interpreted under the laws of the State of Florida.  Its language shall be construed as a whole, according to its fair meaning and not strictly for or against either party.

19. **Voluntarily Entered Agreement**.

    Employee acknowledges that he has read and understands the contents of this Agreement and that he is executing it voluntarily, without any duress and with knowledge of its meaning and effect.

20. **Counterparts and Facsimile Signatures.**

    This Agreement may be executed in counterparts with each copy being deemed an original. A facsimile signature on this Agreement will be deemed to be equivalent to an original signature.

21. **Paragraph Headings**.

    Captions and paragraph headings in this Agreement are for convenience and reference only and do not define, describe, extend or limit the scope or intent of this Agreement or any provision herein.

22. **Authority to Execute Agreement**.

    The Parties hereto warrant and agree that the persons executing this Agreement on behalf of each party are fully and duly authorized to carry out this function. Further, the Parties agree and warrant that neither will challenge the effectiveness of this Agreement based upon any lack of authority by the above individuals to execute the Agreement for the respective Parties.

23. **Non-Assignment**.

    Chambers warrants and represents that he has the sole and exclusive rights to receive the sums specified herein, and that Chambers has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement. Chambers agrees that he will indemnify, defend and hold the Employer Defendants and its insurance carriers harmless, including, its officers, directors, members, and employees, against any third party who claims a right or interest in the settlement funds.

24. **Severability.**

Except for provision 4, in the event that any provision of this Agreement is found to be void or unenforceable by a court of competent jurisdiction, the remaining provisions, in whole or in part, shall continue to be enforceable to the greatest extent allowed by law and to the same extent as if the void or unenforceable provision were omitted from the Agreement. Provision 4 of this Agreement is material and shall not be severable nor modifiable.

25. **Enforcement of the Agreement.**

   The Settlement Agreement is the joint product of Chambers and the Employer Defendants and shall not be construed against any party as the drafter.

26. **Governing Law and Venue.**

   This Agreement and all other documents executed in connection with this Agreement are governed by and shall be interpreted under Florida law. The sole and exclusive venue for any litigation between Chambers and the Employer Defendants that arises out of or is related to this Agreement or any documents executed in connection with this Agreement shall be in the United States District Court for the Southern District of Florida.

27. **Age Discrimination Release Notification.**

   Chambers acknowledges that as part of this Agreement he is releasing and waiving all charges, claims and complaints under the Age Discrimination in Employment Act ("ADEA") and the Older Workers Benefit Protection Act (OWBPA) and he is agreeing not to sue Employer Defendants regarding his rights under the ADEA or OWBPA. For Chambers to waive his ADEA and OWBPA rights through this Agreement, Chambers acknowledges and agrees that:

   i. Chambers knowingly and voluntarily executes this Agreement and releases, waives and agrees not to sue Employer Defendants;

   ii. The release, waiver and agreement not to sue include settlement of any allegation of age discrimination arising under the ADEA and OWBPA;

   iii. The release, waiver and agreement not to sue includes all claims under the ADEA and OWBPA arising up to and including the date of execution of this release, but not claims occurring thereafter;

   iv. Chambers has been advised to consult with an attorney concerning his rights and obligations under the release, waiver and agreement not to sue and before signing this Agreement;

v. That Chambers has been at all times advised by an attorney or had available access to an attorney and has had sufficient opportunity to consult with an attorney before he signed this Agreement;

vi. That Chambers has been given twenty-one (21) days to decide whether to sign this Agreement;

vii. That Chambers understands that upon signing this Agreement, he has seven (7) calendar days in which to revoke his signature only as to release of his claims pursuant to the ADEA and OWBPA. Specifically, Chambers understands that he will not receive the Settlement Amount referred to herein until after the seven (7) day revocation period has expired and he has not exercised his right to revoke his signature. To revoke this Settlement Agreement, Chambers must send a written notice by certified mail either personally or through his attorney to Margaret H. Mevers, Esq. of the Law Firm of Lydecker | Diaz, 1221 Brickell Avenue, 19th Floor, Miami, Florida 33131 no later than the eighth calendar day after Chambers' signature is affixed hereto. Both parties acknowledge that by signing this Agreement, they are not waiving or releasing any claims for breach of this Agreement.

viii. This Agreement is written in a manner that Chambers can understand, and Chambers has fully considered the terms and conditions of this Agreement; and

ix. Chambers is not releasing or waiving any rights that Chambers is prohibited by law, rule or regulation from releasing or waiving.

**CAUTION: READ BEFORE SIGNING. THIS IS A RELEASE. YOU HAVE THE RIGHT TO SEEK THE ADVICE OF LEGAL COUNSEL PRIOR TO SIGNING.**

In entering into this Settlement Agreement and General Release, the Employee represents that he has relied upon the legal advice of his attorney, Elliot Kozolchyk, Esq., who is the attorney of his own choice, and that the terms of this Settlement Agreement and General Release have been completely read and explained to him and that those terms are fully understood and voluntarily accepted by him.

I declare that the terms of this Settlement Agreement and General Release have been completely read, are fully understood, and are voluntarily accepted after complete consideration of all facts and legal claims.

Executed in _Orange_ County, Florida this 15th day of ~~March~~ July, 2021.

_____
RELEASOR, EMPLOYEE, BRADLEY CHAMBERS

State of Florida )
)
Miami-Dade County )

On the 15th day of July, 2021, before me personally appeared Releasor, BRADLEY CHAMBERS, to me known to be the person named in the foregoing Release, and who executed the foregoing Release and acknowledged to me that he has read the Release and understands the contents thereof and that he voluntarily executed the same.

_____
NOTARY PUBLIC

Vaughn Gaskins
(PRINT NAME OF NOTARY)

My Commission Expires: July 4, 2023



VAUGHN GASKINS
Notary Public-State of Florida
Commission # GG 352173
My Commission Expires
July 04, 2023

Executed in Miami Dade County, Florida this 14 day of ~~August~~ July DR, 2021.

_____
Name:

State of Florida           )
                           )
Miami-Dade County          )

On the 14 day of July, 2021, before me personally appeared Joyce Alarcon-Frohman as authorized representative of Fundimension, LLC and Joyce Alarcon-Frohman, to me known to be the person named in the foregoing Agreement, and who executed the foregoing Agreement and acknowledged to me that he has read the Agreement and understands the contents thereof and that he voluntarily executed the same.

_____
NOTARY PUBLIC

Dalila Ruiz
(PRINT NAME OF NOTARY)

[Notary Seal: DALILA J. RUIZ, MY COMMISSION EXPIRES MAY 16, 2025, #HH 117007, Bonded thru Troy Fain Insurance, NOTARY PUBLIC, STATE OF FLORIDA]

My Commission Expires: 5-16-2025

Executed in Miami Dade County, Florida this 14 day of ~~August~~ July DR, 2021.

_____
Name: Joyce Alarcon-Frohman
Title: President
As authorized representative for Fundimension, LLC and Joyce Alarcon-Frohman

State of Florida           )
                           )
Miami-Dade County          )